ZONNER, APPELLANT, *v.* HERITAGE HILLS, LTD., APPELLEE.

(No. 1402—Decided May 25, 1988.)

*Terry C. Weddleton,* for appellant.
*John Fosson,* for appellee.

ABELE, J. This is an appeal from a Ross County Common Pleas Court summary judgment granting appellee's counterclaim. Appellant lives in a federally subsidized housing project owned by appellee. Appellee sought to evict appellant after finding five marijuana plants growing in her apartment. Appellant brought the instant action seeking $5,000 for breach of covenants contained in her lease and seeking a declaratory judgment stating federal law prohibits appellee from using the fact she grew marijuana in her apartment as a ground for terminating her lease.

Appellee's counterclaim alleges appellant's act of growing marijuana in the apartment constitutes a material breach of the lease. Appellee accordingly prayed for restitution of the premises.

Both parties filed motions for summary judgment. Appellee sought summary judgment in its favor on all issues at bar. Appellant limited her motion to the declaratory judgment issue and appellee's counterclaim. The court ruled on the motions as follows:

"* * * this Court denies plaintiff's summary judgment motion and grants the defendant's counterclaim for summary judgment. The Court finds no reason for delay in this entry of final judgment."

The court noted appellant's lease contains a provision whereby appellant agreed not to engage in or permit unlawful activities in the apartment. The court also noted that federal law permits eviction from federally subsidized housing projects whenever a tenant has substantially violated her lease. The court held that appellant's act of growing marijuana in her apartment constituted a substantial violation of the lease.

We affirm.

### Assignment of Error I

"The trial court erred in law and abused its discretion in finding that Sandra Zonner had committed a substantial lease violation."

### Assignment of Error II

"The judgment of the trial court

granting summary judgment for restitution of the rental premises to defendant-appellee and denying partial summary judgment for plaintiff-appellant was against the manifest weight of the evidence."

Appellant premises her entire appeal on the erroneous assumption that her conduct in growing the marijuana constituted a mere minor misdemeanor in violation of R.C. 2925.11 (C)(3). While appellant correctly states that possession of the 8.7 grams of marijuana which appellant was growing is a minor misdemeanor, appellant forgets that *cultivation* of any amount of marijuana is a felony. See R.C. 2925.03(A)(3) and (E)(1). We agree with the lower court that appellant's conduct constituted a substantial violation of the lease.

Appellant's first and second assignments of error are overruled.

*Judgment affirmed.*

STEPHENSON, J., concurs.

GREY, P.J., concurs separately.

GREY, P.J., concurring. I concur in the judgment and opinion, but would add a comment on what constitutes a "substantial lease violation," and what constitutes an "adverse effect on the housing project." If the project managers will not evict a tenant for growing marijuana, then there is tacit approval of this practice and the project may become literally a hotbed of cultivation. Not evicting the tenant would have a substantial adverse effect on the other tenants' perceptions of what a publicly subsidized housing project ought to be.

Thus, I concur in the judgment and opinion.